UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD EAKINS,** | ) | CASE NO. 1:11CV2693 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **ROBERT REID,** | ) | |
| **Cuyahoga County Sheriff,** | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #17) of Defendant Cuyahoga County Sheriff for Partial Judgment on the Pleadings, seeking dismissal of Count I, Count IV, and Count VI of Plaintiff's Complaint. For the following reasons, the Motion is granted.

**I. BACKGROUND**

Plaintiff, Reginald Eakins, filed this Employment Discrimination Complaint against the Cuyahoga County Sheriff on December 12, 2011. He alleges that he was forced to resign and was not re-hired because of his race, African American. In Count I, Plaintiff alleges that he is a member of a protected class; that he was subjected to an adverse employment action,

i.e., termination without cause; and that he was replaced by a non-protected class member, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*. In Count IV, Plaintiff alleges that he was subjected to disparate treatment on the basis of his race and was not given the opportunity to exercise his "fallback rights" under R.C. § 124.11(D). In the wrongful termination claim in Count VI, Plaintiff alleges that he was entitled to be offered a deputy position in the classified service of the Sheriff's Department pursuant to the "fallback rights" under R.C. § 124.11(D).

Defendant moves for dismissal of these three Counts because Plaintiff failed to exhaust his administrative remedies, and R.C. § 124.11(D) does not apply to county employees.

In opposition, Plaintiff does not contest dismissal of Count I. (ECF DKT #18 at 3). With regard to Counts IV and VI, Plaintiff relies upon the Cuyahoga County Sheriff's Department Policies and Procedures Manual, which provides that all non-bargaining positions are governed by Chapter 124 of the Ohio Revised Code.

## II. LAW AND ANALYSIS

**Motion for Judgment on the Pleadings**

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.C.iv.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims

-2-

that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted). The court's decision "rests primarily upon the allegations of the complaint;" however, "'exhibits attached to the complaint[] also may be taken into account.'" *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (citation omitted) (brackets in the original). Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

As to Plaintiff's Title VII claim in Count I, Defendant asserts that Plaintiff did not exhaust his administrative remedies because he did not file an EEOC charge, claiming he was subjected to race discrimination, when he was asked to resign in May of 2009. Plaintiff does not dispute that argument; so, Count I is dismissed.

With regard to Defendant's contention that R.C. § 124.11(D) does not apply to Plaintiff's situation, Plaintiff submits the Department's Policies and Procedures Manual. (ECF DKT #18-1). It is evident from the pleadings that Plaintiff was a non-classified employee at the time of his resignation/termination. The Manual, at subsection 2.0, provides that all non-bargaining positions are governed by Chapter 124 of the Ohio Revised Code. Plaintiff, therefore, concludes that he is entitled to the protections of that Chapter, and specifically the "fallback" provision contained in R.C. § 124.11.

In reply, Defendant concedes that Chapter 124 governed Plaintiff's employment with the Cuyahoga County Sheriff's Department. However, Defendant points out that R.C. § 124.11(D) contains limiting language. When first enacted in 1998, the "fallback" rights provision applied to employees "paid directly by warrant of the auditor of state." As amended

in 2006, covered employees were those "paid directly by warrant of the director of budget and management." In the most recent amendment, effective June 11, 2012, the provision excepts "cities, *counties*, or political subdivisions of the state," and applies only to persons in the unclassified service of the state who have the right to resume positions in the classified service of the state. (Emphasis added).

Thus, as a matter of law, Plaintiff did not possess the "fallback" rights pursuant to R.C. § 124.11(D) when he was appointed to the unclassified position of Deputy Sheriff Lieutenant in 2003; when he was appointed to the unclassified position of Deputy Sheriff Captain in 2007; nor when he resigned, or was terminated from, his appointed position of Captain in 2009.

### III. CONCLUSION

Therefore, after construing the Complaint in a light most favorable to Plaintiff, and accepting all factual allegations as true, the Court holds that Plaintiff, Reginald Eakins, can prove no set of facts in support of Counts I, IV, and VI of his Complaint which would entitle him to relief. The Motion (ECF DKT #17) of Defendant Cuyahoga County Sheriff for Partial Judgment on the Pleadings is granted.

**IT IS SO ORDERED.**

                                                                              s/ Christopher A. Boyko
                                                                              **CHRISTOPHER A. BOYKO**
                                                                              **United States District Judge**

**Dated: November 7, 2012**